**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MORGAN D. KUNZ**
Assistant Corporation Counsel
Phone: (212) 788-0422
Fax: (212) 788-9776
mkunz@law.nyc.gov

June 19, 2008

*ENDORSED ORDER*

*Application granted. Defendants are to respond by Aug. 18, 2008.*

*[signature] U.S.M.J. 6/20/08*

**BY HAND**
Honorable Michael H. Dolinger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RECEIVED JUN 20 2008

Re:  Oliver V. Douce v. City of New York, et. al.,
     08 Civ. 2828 (LAK)(MHD)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York, the New York City Police Department, the New York City Fire Department, Mayor Michael Bloomberg, and NYPD Commissioner Raymond Kelly, in the above referenced case.[1] Defendants respectfully request that their time to respond to the complaint in this action be extended for sixty days from June 19, 2008 to August 18, 2008. Plaintiff *pro se* consents to this request.

      Plaintiff brings this federal civil rights action claiming that he was falsely arrest on the night of February 13, 2008. Specifically, plaintiff claims that, based on a tip from an unidentified informant, New York City Police and Fire Department Officers broke into his home an illegally searched his apartment. Plaintiff claims that during the search he was arrested on a warrant from 1985, but that all charges were dropped and he was released later that night.

---

[1] There is no indication if the other individually named defendants, Police Officer Perez or the individual named as "F.D.N.Y. Female Officer Peters, Badge 1223", have been served with a copy of the summons and complaint. The docket sheet does not indicate service on these defendants nor has this office received any requests for representation from these defendants, and as such, we make no representations herein as to the adequacy of process on them. Without appearing or making any representations on their behalf, it is respectfully requested that, if they have been properly served, the same extension be granted to them to ensure that their defenses are not jeopardized while representation issues are being decided.

Plaintiff also claims that his handcuffs were too tight, and that the officers took property from his apartment.

There are several reasons for seeking an enlargement of time in this matter. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In his complaint, plaintiff alleges an illegal search, false arrest, tight handcuffing, and deprivation of property. In order to respond to plaintiff's allegations, we need to obtain the records of plaintiff's underlying arrest and/or prosecution. As plaintiff alleges that any charges brought against him were dismissed, all records associated with plaintiff's arrest and detention would be sealed pursuant to N.Y. C.P.L. § 160.50. Accordingly, on May 21, 2008 this office forwarded to plaintiff for execution a release for records sealed pursuant to § 160.50. As of this date, however, we have not received the executed release back. This release is necessary for this office to obtain any of the police records associated with the arrest, as well as any district attorney and/or court records associated with the arrest, prosecution, and/or detention. Furthermore, as plaintiff alleges that he sustained physical injury as a result of the incident, it is also necessary for our office to obtain plaintiff's medical records from the period in question in order to properly assess the case and respond to the complaint. This office forward to plaintiff for execution a medical release on May 21, 2008, but have not yet received any response. The executed release is necessary for our office to obtain the medical records pertaining to plaintiff's alleged injury and treatment.

Furthermore, assuming plaintiff effects timely service on Perez and Peters, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent them. See N.Y. General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made in this action. Accordingly, City defendants respectfully request that their time to respond to the complaint be extended from June 19, 2008 to August 18, 2008.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Morgan D. Kunz
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Oliver V. Douce, plaintiff *pro se*
      1208 Clay Avenue
      Suite #1
      Bronx, NY 10456 (via First Class Mail)

2