ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/27/08

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JUN 27 2008

MORGAN D. KUNZ
Assistant Corporation Counsel
Phone: (212) 788-0422
Fax: (212) 788-9776
mkunz@law.nyc.gov

June 26, 2008

**BY HAND**
Honorable Michael H. Dolinger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

ENDORSED
ORDER

Re:   Oliver V. Douce v. City of New York, et. al.,
      08 Civ. 2828 (LAK)(MHD)

*[Handwritten endorsement:] Plaintiff is ordered to sign the authorization provided to him and to return it to defendants' attorney by no later than July 11, 2008. Failure to do so may result in the dismissal of his complaint.*

*6/27/08  [signature]*

Your Honor:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York, the New York City Police Department ("NYPD"), the New York City Fire Department ("FDNY"), Mayor Michael Bloomberg, and NYPD Commissioner Raymond Kelly (hereinafter "City defendants"), in the above referenced case. In his complaint, plaintiff alleges that he was falsely arrested following an incident that occurred on February 13, 2008. As plaintiff alleges that all the criminal charges brought against him were dismissed, all records concerning plaintiff's arrest, prosecution, and detention would be sealed pursuant to New York Criminal Procedure Law § 160.50. Thus, in order for this office to obtain information associated with plaintiff's underlying arrest, plaintiff must first provide us with a consent and authorization for the release of these records. An unsealing release was mailed to plaintiff, who is proceeding *pro se*, on May 21, 2008. In phone conversations on June 18 and 19, 2008, plaintiff initially agreed to provide the releases, however, by letter dated June 19, 2008 and in a phone conversation on June 26, 2008, plaintiff stated that he is unwilling to provide this office with a consent and authorization pursuant to §160.50, because he believes that this constitutes discovery and because he does not

believe that there are any records associated with the arrest and/or prosecution that he has not already provided.[1]

Despite plaintiff's contention that there are no other records associated with his arrest, City defendants should be afforded an opportunity to search their records to see if any documents exist, so they can conduct the investigation required by Rule 11 prior to answer the complaint. See Cabble v. Rollieson, 04 Civ. 9413 (LTS)(FM), 2006 U.S. Dist. LEXIS 7385, at *27-*28 (S.D.N.Y. Feb. 24, 2006).[2] In addition, as City defendants need an executed §160.50 release in order to access their own records, a "demand for the execution of section 160.50 releases is not discovery…" Id. at *28. Therefore, the City Defendants respectfully request that plaintiff be directed to execute and return the §160.50 releases by July 10, 2008.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Morgan D. Kunz
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Oliver V. Douce, plaintiff *pro se*
1208 Clay Avenue
Suite #1
Bronx, NY 10456 (via First Class Mail) (with enclosure)

---

[1] The only records that plaintiff provided includes two certificates of disposition for New York County Criminal Court docket numbers 5N220077V and 5N220078V.

[2] In accordance with Local Civil Rule 7.1(c), a copy of this decision is appended to the copy of this letter served on plaintiff.

2